| ] DALEY, Judge,
dissenting.
I respectfully dissent. I find that one of defendant’s assignments of error has merit; specifically, that the trial court erred in *1073 granting the State’s Motion in Limine, excluding testimony that would show that Mr. Couvillion, the confidential informant, lived with a disgruntled ex-employee of the defendant’s.
LSA-C.E. art. 607(D)(1) provides as follows:
Extrinsic evidence to show a witness’ bias, interest, corruption, or defect of capacity is admissible to attack the credibility of the witness.
Defendant alleged that Mr. Couvillion, the confidential informant, resided in a “live-in” relationship with one of Boyle’s ex-employees, a former dancer at the Downs Lounge. Defendant alleged the testimony he sought to present would establish the informant’s bias against him. The confidential informant was the only witness to testify that the defendant sold him marijuana; thus, his testimony, and therefore his credibility, is the crux of the state’s case against defendant. However, without hearing the testimony, the trial court could not determine if it was relevant and admissible.
The trial court abused its discretion by ruling that this line of questioning was irrelevant to the defense without first having a hearing allowing defendant to present this testimony. I would remand for an evidentia-ry hearing for the presentation of this testimony.